IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dorothy Burgess, as the Personal Representative of the Estate of Elizabeth Price Dunn, | ) ) ) ) | C/A No. 4: 12-657-TLW-KDW |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE |
| J.H.O.C. Premier Transportation, Inc. and Moses Wilson, | ) ) ) ) | |
| Defendants/Third-Party Plaintiffs, | ) ) ) ) | |
| vs. | ) ) | |
| John Price, Jr. and Robert Myers, | ) ) | |
| Third-Party Defendants. | ) ) ) ) | |

This matter comes before the court on Plaintiff's Motion to Remand, ECF No. 10. On April 4, 2012, all pretrial proceedings in this case were referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) D.S.C. ECF No. 11.[1] Although other motions are also pending, the court must first decide Plaintiff's Motion

---

[1] The Fourth Circuit has not directly addressed the question of whether a motion to remand is a nondispositive pretrial matter within the scope of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). However, the circuit courts that have considered the issue have concluded that magistrate judges lack authority to issue orders, rather than recommendations, on motions to remand. *See, e.g., Williams v. Beemiller, Inc.*, 527 F.3d 259 (2d Cir. 2008) (following the Tenth, Sixth, and Third Circuits in so concluding). In addition, at least one published opinion in this district has addressed this issue in a published opinion and held that a magistrate judge did not have such authority. *See Long v. Lockheed Missiles & Space Co.,*

to Remand as it is jurisdictional. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

I.      Factual and Procedural Background

On January 27, 2012, Plaintiff filed suit in the Court of Common Pleas of Chesterfield County, South Carolina, against Defendants J.H.O.C. Premier Transportation Inc. and Moses Wilson (collectively "Defendants"). State Court Civil Action No. 2012-CP-13-050. ECF No. 1-1. Plaintiff brought suit in her fiduciary capacity as the personal representative of Elizabeth Dunn ("Decedent") concerning a fatal vehicular collision between a vehicle driven by Decedent and a tractor trailer driven by Defendant Wilson while working for Defendant J.H.O.C. Compl. ¶¶ 4, 7-8, 12; ECF No. 1-1. Plaintiff's first and second causes of action for "Negligence & Negligence Per Se" are pleaded together in her Complaint. *Id.* ¶¶ 16-17(a)-(x). Plaintiff also brings a "Survival Action" cause of action on Decedent's behalf, *id.* ¶¶ 18-19, as well as a "Wrongful Death Action" cause of action on behalf of Decedent's estate, *id.* ¶¶ 18-21(a)-(i).

Defendants were served February 9, 2012. *See* Not. of Removal, ¶ 1, ECF No. 1. Defendants removed the action to the United States District Court for the District of South

---

*Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortgage Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH, 2007 WL 2220403, *3 (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand). Accordingly, out of an abundance of caution, the undersigned enters this Report and Recommendation for the consideration of the district judge.

Carolina on March 6, 2012, on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[2] ECF No. 1 ¶¶ 3-4. Specifically, Defendants quote portions of paragraphs 13 and 17 of Plaintiff's Complaint, submitting that Plaintiff's reference to "federal and/or state statutes, codes, and/or regulations," and to the Federal Motor Carrier Safety Regulations ("FMCSR")[3] establishes jurisdiction in this court. *See* ECF No. 1 at 2 ("Plaintiff has alleged violations of federal law and jurisdiction is clear.").[4]

Plaintiff then filed the Motion to Remand now considered by the court. ECF No. 10. Defendants filed a responsive memorandum, ECF No. 20, and Plaintiff submitted a Reply in support of her Motion to Remand, ECF No. 23.

II. Analysis

Plaintiff seeks to have this case remanded to the Chesterfield County Court of Common Pleas. The removing party bears the burden of establishing federal jurisdiction. *See Strawn v. AT & T Mobility LLC*, 530 F.3d 293, 297-98 (4th Cir. 2008). A defendant may remove a case only if the claim could have been brought in federal court on the basis of federal question jurisdiction or diversity jurisdiction. 28 U.S.C. § 1441(b); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the Fourth Circuit Court of Appeals has explained,

---

[2] Defendants also answered Plaintiff's Complaint on March 6, 2012. ECF No. 4. Their Answer also included a counterclaim against Plaintiff and third-party claims against Third-Party Defendants John Price, Jr. and Robert Myers. *See* Defs. and Third-Party Pls.' Answer, Countercl. and Third-Party Compl., ECF No. 4. The Third-Party Defendants have not taken a position on Plaintiff's Motion to Remand.

[3] The FMCSRs are regulations promulgated by the Federal Motor Carrier Safety Administration ("FMCSA").

[4] In Defendants' Notice of Removal, they also aver that the FMCSR preempts Plaintiff's allegations of state-law violations. ECF No. 1 at 2. In seeking remand, Plaintiff persuasively argues that the FMCSR does not preempt state-law causes of action, ECF No. 10 at 17-23, and Defendants do not pursue preemption as a basis for removal jurisdiction in their response. To the extent Defendants continue to maintain the FMCSR preempts Plaintiff's common-law claims, the court agrees with Plaintiff that preemption is inapplicable in this case.

"courts should resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999) (internal quotation and citation omitted). In light of the foregoing authority, Defendants bear a heavy burden of proving that this case falls within the court's removal jurisdiction. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941) (internal quotation and citations omitted).

Defendants submit that the following portion of 28 U.S.C. § 1441(c) makes removal of this case based on 28 U.S.C. § 1331 proper:

> (c) Joinder of Federal law claims and State law claims.—(1) If a civil action *includes*—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph(B).

28 U.S.C. § 1441(c) (emphasis supplied by Defendants). ECF No. 20 at 1-2. Defendants argue that Plaintiff's Complaint is removable because it "*includes*" a claim arising under federal law, citing portions of Plaintiff's First and Second Causes of Action. The paragraphs of Plaintiff's Complaint that Defendants reference provide:[5]

> 13. At the time of the collision there were in full force and effect certain federal and/or state statutes, codes, regulations and common law duties including as follows:
> > a. S.C. Code Ann. Section 56-5-2920, which the insured driver, Moses Wilson, violated while driving the tractor trailer within the course and

---

[5] Defendants' Response includes only portions of paragraphs 13 and 17 of Plaintiff's Complaint. ECF No. 20 at 2-3. The court includes those paragraphs in full.

scope of his employment with willful or wanton disregard for the safety of persons or property;

b. S.C. Code Ann. Section [] 56-5-1840, which insured driver, Moses Wilson, violated by failing to ascertain that a lane change could be made safely prior to driving through the decedent's vehicle while driving the tractor trailer within the course and scope of his employment.

c. S.C. Code Ann. Section 56-5-1520, which insured driver, Moses Wilson, violated by driving the tractor trailer at a speed greater than was reasonable and prudent under the conditions and without having regard to the actual and potential hazards then existing while driving the tractor trailer within the course and scope of his employment.

d. **United States Department of Transportation Federal Motor Carrier Safety Regulations, which one or more Defendants** violated for all the reasons stated herein; and

e. All other **federal** and/or state statutes, codes and/or regulations that one or more Defendants violated.

\* \* \*

17. Defendants were negligent, grossly negligent, careless, reckless, willful, and wanton in one or more of the following particulars, to wit:

a. In striking the Decedent's vehicle;

b. In failing to exercise ordinary and reasonable care while operating the tractor/trailer in the circumstances then and there existing;

c. In failing and omitting to keep a due and proper lookout;

d. In failing and omitting to keep the motor vehicle under proper care and control and/or speed;

e. In failing to devote full time and attention to the operation of the vehicle;

f. In failing to properly inspect the motor vehicle to ensure if could be safely operated;

g. In failing to properly maintain the motor vehicle in accordance with **federal** and/or state motor vehicle safety standards;

h. In driving the said vehicle in an utter and complete disregard of other motorist[s] proceeding on the highway;

i. In failing to maintain proper **Safety Evaluation Area Scores** in such safety areas including, but not limited to, accident safety, driver safety, vehicle safety, and/or safety management through the implementation of an effective company driver safety program;

j. In failing and omit[ting] to take advantage of any last clear chances to avoid collision with the Plaintiff when the Defendant saw, or should have seen, the vehicle occupied by the Plaintiff in the roadway;

k. In failing to adequately train and/or thereafter supervise the various Defendants, including Moses Wilson, in the safe operation of the vehicle he was provided;

5

> l. In operating a motor vehicle with a reckless disregard for the rights and safety of others, and especially the rights and safety of the Decedent; and,
> m. In knowingly or intentionally operating an unsafe vehicle upon the roadway.
> n. In traveling too fast for the conditions then and there prevailing and in not having due regard to the actual and potential hazards then existing as required by S.C. Code Ann. Section 56-5-1520 (a) (1976), as amended;
> o. In failing to slow the speed of said vehicle for the existing conditions as required by S.C. Code Ann. Section 56-5-1520 (1976), as amended;
> p. In failing to keep a proper lookout for the hazards of the highway;
> q. In failing to properly observe the traffic conditions; and if same were observed, in failing to heed the same;
> r. In failing to avoid the Plaintiff when this Defendant had the last clear chance to do so;
> s. In failing to apply brakes, if in fact said vehicle had any brakes at all, all in violation of S.C. Code Ann. Section 56-5-4850 (1976), as amended;
> t. In driving said vehicle in a reckless manner which was in willful and wanton disregard for the safety of Plaintiff, all in violation of S.C. Code Ann. Section 56-5-2920 (1976), as amended;
> u. In failing to operate Defendant's vehicle with that degree of care required by S.C. Code Ann. Section 56-5-3230 (1976), as amended;
> v. In failing to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar conditions or circumstances;
> w. By failing to take evasive measures to avoid the collision; and
> x. In such other and further particulars as may be learned through discovery or the evidence in [trial] may show;

Pl.'s Compl. ¶¶ 13, 17 (emphases as added by Defendants in ECF No. 20 at 2-3)).

Defendants highlight Plaintiff's references to federal law, including the FMCSRs, arguing that such references make Plaintiff's Complaint removable by causing the Complaint to "include[] a claim arising under the laws of the United States[.]" ECF No. 20 at 2. They submit that Plaintiff's Complaint contains the federal question of "whether the Defendants' actions violated the Federal Motor Carrier Safety Regulations (FMCSR)." *Id.* Citing no

authority, Defendants argue that § 1441(c) "does not require that the federal question be the predominant aspect of the civil action, but simply that it be included in the action." *Id.*

In determining whether federal question jurisdiction exists, courts look to the allegations in a plaintiff's well-pleaded complaint to determine whether an action "arises under" federal law or the Constitution. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9-10 (1983). The so-called "well-pleaded complaint rule" provides that a cause of action "arises under" federal law and removal is proper, only if a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Id.* at 9-12. The well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392. A federal defense to a plaintiff's well-pleaded complaint is not a basis for federal question jurisdiction. *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).

In examining the complaint, the court must first determine "whether federal or state law creates the cause of action." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (internal quotation and citation omitted). "If federal law creates a plaintiff's claim, then removal is proper." *Id.* If federal law does not create the plaintiff's claim, the court must determine whether the case "fall[s] within the small class of 'cases in which a well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.' " *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)).

Here, Plaintiff has not specifically pleaded a cause of action under the FMCSR or any other federal law.[6] Therefore, the court must determine whether any of Plaintiff's claims necessarily depends on the resolution of a substantial question of federal law. The mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986). As explained by the Fourth Circuit, a defendant must show two elements in order to remove a case in which state law creates the plaintiff's cause of action: 1) "that the plaintiff's right to relief necessarily depends on a question of federal law," and 2) "that the question of federal law is substantial." *Pinney*, 402 F.3d at 442 (internal quotation and citation omitted). "If a plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law." *Id*. Thus, a claim supported by alternative theories in the complaint may not form the basis for federal jurisdiction unless federal law is essential to each of those theories. *Christianson*, 486 U.S. at 810. Mere connection between a claim and a federal regulatory regime is an insufficient basis for federal jurisdiction. *Pinney*, 402 F.3d at 448 (discounting defendant's argument that the substantial-federal-question test could be met by a "sufficient connection" between "plaintiff's claim for relief and a federal regulatory scheme").

In considering an issue similar to that before the court, the Fourth Circuit examined whether federal question jurisdiction is invoked by claims under South Carolina Code Section 16-17-560, which makes it " 'unlawful for a person to . . . discharge a citizen from employment or occupation. . . because of political opinions or the exercise of political rights and privileges guaranteed . . . by the Constitution and laws of the United States or by the

---

[6] Defendants do argue that Plaintiff's Complaint includes "direct claims that Defendants breached duties imposed by federal law." ECF No. 20 at 3-4. That argument is discussed below.

Constitution and laws of [South Carolina].'" *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 814-15 (4th Cir. 2004) (quoting the South Carolina statute) (en banc). After noting plaintiff's cause of action was not created by a federal law, *id.* at 816, the Fourth Circuit considered whether plaintiff's causes of action necessarily required the determination of an issue of federal law. *Id.* at 816-18. The court found that because the plaintiff's complaint could support a finding of liability under Section 16-17-560 if the plaintiff were fired 1) because of his political opinions, 2) for exercising his political rights guaranteed by the United States Constitution, **or** 3) for exercising his political rights guaranteed by the South Carolina Constitution, the complaint did not necessarily require the determination of an issue of federal law. *Id.* The court noted that only the second alternate theory "even arguably involve[d] a substantial question of federal law." *Id.* Because plaintiff could establish statutory liability under theories one (exercise of political opinions) and/or three (exercise of rights guaranteed by the South Carolina Constitution) without proving he was fired for exercising political rights guaranteed by the United States Constitution, plaintiff's statutory claim did not necessarily depend on a question of federal law. *Id.* Accordingly, the court found removal was improper.

Similarly, the undersigned finds that Plaintiff's causes of action do not necessarily depend upon a substantial question of federal law. Plaintiff's common-law causes of action for negligence and negligence per se do include, *inter alia*, references to the FMCSR and a general claim that Defendants' tractor-trailer did not satisfy "federal and/or state motor vehicle safety standards." Compl. ¶¶ 13(d)-(e), 17(g). Further, Plaintiff avers that Defendants did not maintain sufficient Safety Evaluation Scores, which are scores required by the FMCSR. *Id.* ¶ 17(i). Importantly, though, Plaintiff need not establish a violation of the

FMCSR or other federal regulations to establish liability in this case. As noted in her Motion to Remand, Plaintiff referenced state and federal safety regulations (as well as South Carolina statutes and common-law doctrines) to show that state law imposed upon Defendants a per se duty to operate a vehicle safely on South Carolina's roads. ECF No. 10 at 11.

In offering evidence of negligence per se, Plaintiff may prove her claims by demonstrating Defendants failed to comply with a state statute. *See Fairchild v. S.C. Dep't of Transp.,* 727 S.E.2d 407, 411 (S.C. 2012) (noting "long-standing South Carolina precedent" for holding the "violation of a statute constitutes negligence per se[.]") Plaintiff's Complaint cites to some four separate South Carolina statutes in her causes of action for Negligence/Negligence Per Se. *See id.* ¶¶17 (n), (o), (s), (t), (u). If true, these allegations could lead a finder of fact to hold Defendants liable to Plaintiff under each of Plaintiff's causes of action based solely upon state law.

In other words, Plaintiff's "right to relief [does not] necessarily depend on resolution of a substantial question of federal law[,]" and federal law is [not] a necessary element of one of [Plaintiff's] well-pleaded claims." *Christianson,* 486 U.S. at 808 (internal quotation and citation omitted). Plaintiff's well-pleaded Complaint does not "include[] a claim arising under the Constitution, laws or treaties of the United States[,]" and does not provide a basis for removal under 28 U.S.C. § 1441(c).

Defendants' arguments to the contrary are unpersuasive. They argue that Plaintiff's allegation that Defendants did not maintain proper Safety Evaluation Area ("SEA") Scores, Compl. ¶ 17(i), which are scores maintained by the FMCSA, "is a direct and very specific allegation of violation of federal standards." ECF No. 20 at 3. They argue that this creates "direct claims that Defendants breached duties imposed by federal law[,]" thereby making

removal appropriate. *Id.* Defendants cite no on-point or analogous case law for this proposition. Rather, they cite a case from the Western District of Virginia that discusses what an SEA Score is and how it relates to the FMCSA. *Jones v. C.H. Robinson Worldwide, Inc.*, 558 F. Supp. 2d 630, 643-44 (W.D. Va. 2008) (discussing the FMCSA's provision of safety information, including Safety Evaluation Area Scores).[7] The *Jones* court had jurisdiction pursuant to 28 U.S.C. § 1332 and referenced these scores in relation to a state-law negligent hiring claim. *Id.* Nothing in *Jones* suggests that reference to such scores creates a "direct claim" arising under federal law. Further, plaintiff Jones had brought a direct cause of action pursuant to the FMCSR, but the court had already considered that claim and granted the defendant's motion to dismiss it because the Federal Motor Carriers Safety Act does not provide a private cause of action in personal injury matters. *See Jones v. D'Souza*, Civil Action No. 7:06CV000547, 2007 WL 2688332, *7 (W.D. Va. Sept. 11, 2007) (considering the Act's legislative history and finding 49 U.S.C. § 14704(a)(2) did not create a private right of action for personal injuries).

Defendants have not satisfied their burden of establishing federal question jurisdiction. Plaintiff's "direct mention" of a federal regulation falls short of satisfying the removal standard.

Defendants also note that Plaintiff's argument in support of remand indicates that she "seeks to have the FMCSR form a basis for negligence *per se*." ECF No. 20 at 4. They submit that because Plaintiff cites to federal law "as a basis for her claims," this means that her case "includes a claim" arising under federal law, thereby satisfying the removal statute. *Id.* Again, they cite no authority for this assertion. Rather, they cite to cases in which courts

---

[7] Defendants provide a citation of 550 F. Supp. 2d 630. The court's independent research reveals the correct citation is 558 F. Supp. 2d 630.

were considering whether the FMCSA preempted state law claims, arguing that the issue here "is significantly different." *Id.* at 4-5. This argument is unpersuasive.

Further, Defendants' arguments readily accept that Plaintiff cites to federal law as "**a basis**" for her negligence per se claim. ECF No. 20 at 4 (emphasis added). As discussed above, because the references to federal regulations are but a few of several averments Plaintiff makes in support of her negligence per se claim, her claim does not "necessarily depend" upon federal law, nor does it include a substantial federal question. *Dixon*, 369 F.3d at 816. Accordingly, it is not removable.

For these reasons, the undersigned finds Defendants have not met their heavy burden of proving the court has jurisdiction based on a federal question. Accordingly, it is recommended that Plaintiff's Motion to Remand be granted.[8]

Plaintiff also seeks to have its costs and attorneys' fees awarded. ECF No. 10 at 24. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any action expenses, including attorney fees, incurred as a result of the removal." Plaintiff argues that Defendants' arguments "were of such a nature" that Plaintiff should not have had to bear the expense of seeking remand. ECF No. 10 at 24. Defendants do not address Plaintiff's request for attorneys' fees.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis

---

[8] The court need not address Plaintiff's alternative arguments.

exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Whether to award such fees is left to the court's discretion. *See id.*

In this case, the undersigned is of the opinion that Defendants' grounds for removal lacked an objectively reasonable basis. Neither their Notice of Removal nor their memorandum opposing Plaintiff's Motion to Remand include citation to statutory or case-law precedent that support their argument that citation to federal regulations transforms common-law negligence/negligence per se causes of action into federal questions. Because Defendants provided no "objectively reasonable" grounds for removing the case to federal court, they should be liable to Plaintiff for all attorneys' fees and costs incurred as a result of the removal.

III.    Recommendation

For the foregoing reasons, it is recommended that Plaintiff's Motion to Remand, ECF No. 10, be granted and that Defendants be liable to Plaintiff for costs and attorneys' fees resulting from the removal. If the district court accepts the undersigned's recommendation and remands this case, the remaining pending motions (Defendants' Motions to Compel, ECF Nos. 29, 30; Third-Party Def. Myers' Mot. to Amend Answer, ECF No. 36), will properly be considered by the South Carolina Court of Common Pleas.  If the district court accepts this recommendation, this matter will be remanded to the Court of Common Pleas, Chesterfield County, South Carolina, and the Clerk of this court will be ordered to mail a certified copy of the order of remand to the Clerk of the Court of Common Pleas for Chesterfield County.

IT IS SO RECOMMENDED.

September 24, 2012
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**