IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dorothy Burgess, as the Personal Representative of the Estate of Elizabeth Price Dunn, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Civil Action No. 4:12-657-TLW-KDW |
| J.H.O.C. Premier Transportation, Inc. and Moses Wilson, | ) ) ) ) | **ORDER** |
| Defendants/Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| John Price, Jr. and Robert Myers, | ) ) | |
| Third-Party Defendants. | ) ) | |

Plaintiff filed a negligence action involving a tractor-trailer / vehicle accident in the Court of Common Pleas of Chesterfield County, South Carolina, on January 27, 2012. (Doc. # 1-1). On March 6, 2012, Defendants removed the action to this Court on the asserted basis of federal question jurisdiction. (Doc. # 1).

The matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Kaymani D. West, to whom this case had previously been assigned. In the Report, the Magistrate Judge recommends that Plaintiff's Motion to Remand be granted and that Defendants be liable to Plaintiff for costs and attorneys' fees resulting from the removal of this case to federal court. (Doc. # 37). Defendants filed a

timely Objection to the Report. (Doc. # 40). In conducting its review, the Court therefore applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Defendants' Objection. Having reviewed the Report as well as the Objection thereto, the Court hereby accepts the Report in substantial part. (Doc. # 37). As recommended by the Magistrate Judge, Plaintiff's Motion to Remand is **GRANTED**. (Doc. # 10). This matter is remanded to the Court of Common Pleas, Chesterfield County, South Carolina, and the Clerk of this Court is directed to mail a certified copy of the Order of Remand to the Clerk of the Court of Common Pleas for Chesterfield County. In addition, all other pending motions in this case, (Docs. # 28, # 29, # 30, and # 36), are terminated as **MOOT**, as they are not proper for consideration by this Court. The Court chooses not to accept that portion of the Report that recommends that Defendants be liable for the costs and attorneys' fees resulting from the removal to federal court. This Court notes that, according to the Report, the "Defendants [did] not address Plaintiff's request for attorneys' fees." (Doc. # 37 at p. 12). However, after issuance of the Report, the Defendants did file an Objection to the recommendation that they pay costs

and fees. (Doc. # 40). This is a very close question. It was not inappropriate for the Magistrate Judge to recommend that Defendants pay costs and fees. However, after careful consideration, realizing that this is a close question, the Court will not require that costs and fees be paid by the Defendants. Considering the position of the Defendants and their materials filed <u>after</u> the Report was issued, this Court is just sufficiently persuaded, based upon the entire record before it, that Defendants acted with an objective reasonable basis in seeking removal.

    **IT IS SO ORDERED**.

                                                                        s/Terry L. Wooten  
                                                                     United States District Judge

October 5, 2012  
Florence, South Carolina